### In re KISSELBURGH.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

ATTORNEY AND CLIENT (§ 44*)—LIABILITIES OF ATTORNEY TO CLIENT—FAILURE TO ACCOUNT FOR COLLECTIONS.

Where an attorney collected money from a railroad company for an injury to a client and appropriated it to his own use, even though he expected to be able to collect money due him from other persons and repay the money so misappropriated, it is professional misconduct and a misappropriation of trust funds, which will entitle such attorney to severe censure.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charges by the Association of the Bar of professional misconduct against William E. Kisselburgh, Jr., an attorney. Judgment censuring the attorney entered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City, for petitioner.

William E. Kisselburgh, Jr., pro se.

PER CURIAM. The respondent is charged with having collected from the Interborough Rapid Transit Company the sum of $200 for the injuries sustained by a client, of which sum he paid to his client $75 and converted the balance to his own use. After the charges were submitted to the petitioner, the respondent paid to his client the balance of the amount due.

The respondent in his answer admits that he personally collected this sum of $200, in which the respondent had an interest of 25 per cent., that he mingled this money with his own, and spent so much therefrom that he was unable to pay the complainant all the money due her, all the time believing and having reason to believe that upon his return to New York more than sufficient money to pay her would be paid to the respondent from money due and promised. The respondent thus admits that he received money in settlement of the claim of his client against a railroad company and appropriated it to his own use. This of itself is serious professional misconduct, and deserves and should receive severe censure. He received this money as the money of his client, to it the client was absolutely entitled, and it was a misappropriation of his client's money for him to apply it to his own use. It was no excuse that he expected to be able to collect money due him from other persons, and so repay money so misappropriated. Attorneys must understand that to use their clients' money that has come into their hands is not only professional misconduct, but a misappropriation of money received in a fiduciary capacity, not justified by any expectation of being able to repay the money, or by any necessity of the attorney. The use of a client's money for an attorney's personal benefit is in itself professional misconduct and a misappropriation of trust money, which a subsequent restitution does not condone.

The court has considered the explanation offered by the respondent upon the question as to the penalty that should be inflicted, and under all the circumstances have concluded that for the offense charged the respondent must be severely censured.